**H. MOLSEN & CO., INC.,**
Plaintiff,

v.

George **FLOWERS,** III, d/b/a George **Flowers & Son,** and William B. Cowan, d/b/a **Cowan Bros. Farms** and **Cowan Gin Co.,** Defendants.

No. C–72–139.

United States District Court, W. D. Tennessee, W. D.

Sept. 11, 1973.

---

Ronald Lee Gilman, Memphis, Tenn., for plaintiff.

John S. Wilder, Somerville, Tenn., for defendant Cowan.

Thomas F. Johnston, Memphis, Tenn., for Flowers.

## JUDGMENT ON JURY VERDICT

WELLFORD, District Judge.

This cause came on to be heard upon the pleadings of the parties, testimony and other evidence in open court, arguments of counsel, verdict of the jury, and the entire record in this cause, from all of which it appears that the plaintiff should have judgment against the various defendants as set forth below.

It is, therefore, ordered, adjudged and decreed that plaintiff have and recover of the various defendants the sums set after their respective names:

| | |
|---|---|
| William B. Cowan | $ 4,300 |
| Bynum Leatherwood | $ 650 |
| Leona Powell | $ 100 |
| R. D. Daniel | $ 1,600 |
| Nancy Franklin Hall | $ 3,900 |
| William B. Cowan, Jr. | $ 5,000 |
| Clyce Weatherly | $ 700 |
| J. J. Smith | $ 650 |
| B. C. Yager, Sr. | $ 900 |
| Paul Gatlin | $ 450 |
| O. D. Maclin | $ 150 |
| Robert Sparkman | $ 50 |
| William Gaugh | $ 450 |
| Joe Harvey | $ 800 |
| Kelsey Franklin | $ 800 |
| C. W. Middlecoff | $ 1,250 |
| Total | $21,750 |

It is further ordered, adjudged and decreed that the defendant George Flowers, III, and the third party defendant, J. E. Spurlock, are hereby dismissed without liability.

In its original response to interrogatories, the jury indicated that defendant Cowan had induced or procured the breach of some of the contracts in question. Furthermore, in response to these interrogatories, the jury indicated that defendant Cowan had acted deceitfully or wrongfully with respect to defendant Flowers in connection with these transactions. Had the Court been sitting as the finder of fact, the Court would have concluded from the overwhelming evidence that defendant Cowan had, in fact, induced farmers under two of the contracts in question to breach their contract and divert the cotton to other buyers.

"Although the traditional American rule ordinarily disfavors the allowance of attorneys' fees in the absence of statutory or contractual authorization, federal courts, in the exercise of their equitable powers, may award attorneys' fees when the interests of justice so require." Hall v. Cole, 412 U.S. 1, 4–5, 93 S.Ct. 1943, 1945, 36 L.Ed.2d 702 (1973).[1] There are several established exceptions to the general rule in the United States ". . . for situations in which overriding considerations indicate the need for such a recovery. A primary judge-created exception has been to award expenses where a plaintiff has successfully maintained a suit, usually

---

1. The English rule and the rule in early Colonial America allowed the award of litigation costs and counsel fees to the prevailing party. See Note, Attorney's Fees: Where Shall the Ultimate Burden Lie? 20 Vand. L.Rev. 1216 (1967).

**16**

on behalf of a class, that benefits a group of others in the same manner as himself. See Fleischman Distilling Corp. v. Maier Brewing Co., 386 U.S. [714] at 718–719 [87 S.Ct. 1404, 18 L. Ed.2d 475] (1967)." Mills v. Electric Auto-Lite, 396 U.S. 375, 391–392, 90 S. Ct. 616, 625, 24 L.Ed.2d 593 (1970). In Sprague v. Ticonic National Bank, 307 U.S. 161, 167, 59 S.Ct. 777, 780, 83 L.Ed. 1184 (1939), the Supreme Court ruled that attorneys' fees could be awarded, pursuant to the court's equitable powers "in exceptional cases and for dominating reasons of justice."

■ There is a special rule for awarding attorneys' fees in actions for breach of contract. Plaintiff may recover counsel fees only if defendant's breach of contract has caused litigation against third parties for which plaintiff had to hire counsel. Plaintiff may not recover for attorneys' fees paid by the plaintiff in his suit against defendant for breach of contract. See 5 Corbin on Contracts § 1037; Restatement of Contracts, Vol. 1, § 334; 22 Am.Jur.2d, Damages, § 165. See Vaughn v. Atkinson, 291 F.2d 813 (4th Cir. 1961). This Court recognizes that attorneys' fees should be awarded only in rare and special circumstances. Such circumstances appear and are present in this case. The imposition of attorneys' fees against defendant Cowan would serve as a deterrent to other persons considering procuring the breach of commodity contracts in this time of sharply rising prices and would serve as a benefit for those who have contracts with commodity producers.[2]

The Court accordingly awards attorneys' fees for plaintiff's attorney Gilman against defendant Cowan in the amount of $2,000.00. Costs of the cause are assessed against defendant Cowan, for which let execution issue.

2. The Court is aware of a number of other cases filed with this Court dealing with similar breaches of contract.